UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACOB VALINE,<br><br>   *Plaintiff*,<br><br> v.<br><br>CHARLES E. SCHUMER,<br><br>   *Defendant*. | Civil Action No. 1:25-cv-03724 (UNA) |

**MEMORANDUM OPINION**

  This matter is before the Court on Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and his *pro se* complaint, ECF No. 1, "Compl." The application will be granted, and the complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

  "Article III of the Constitution limits the judicial power to deciding 'Cases' and 'Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Comm. on the Judiciary of the U.S. House of Representatives v. McGahn*, 968 F.3d 755, 762 (D.C. Cir. 2020) (citation and internal quotation marks omitted). A plaintiff has standing for purposes of Article III if he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 763 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

  Plaintiff, a United States citizen residing in Colorado, alleges that Defendant, Senate Minority Leader Schumer, "obstruct[s] legislative processes and fail[s] to support or advance

protections that are necessary to uphold Plaintiff's constitutional rights." Compl. at 4. According to Plaintiff, the alleged "legislative obstruction . . . directly and disproportionately harms Plaintiff's ability access federal protections," ECF No. 1-2 at 1, implicating Plaintiff's First and Fifth Amendment rights, *see id.*; *see also* ECF No. 3.

It is unclear how Plaintiff's First and Fifth Amendment rights are violated, however. And missing from the complaint are any factual allegations establishing that Plaintiff sustained (or is likely to sustain) an injury-in-fact resulting from Defendant's action, or rather, inaction. "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74. Because Plaintiff fails to allege facts sufficient to establish standing, the Court lacks subject matter jurisdiction. The complaint must therefore be dismissed. A separate Order will issue.

Date: October 31, 2025

                                                           CARL J. NICHOLS
                                                           United States District Judge